Paul Pflumm (006912002)
**McDOWELL LAW, PC**
46 W. Main Street
Maple Shade, NJ 08052
Telephone: (856) 482-5544
Telecopier: (856) 482-5511
ppflumm@mcdowelllegal.com
Attorneys for the Trustee

| | |
|---|---|
| IN THE MATTER OF:<br><br>Glenn Mitchell Trommer,<br><br>　　　　　　　　Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>CHAPTER 7<br><br>Honorable Andrew B. Altenburg, Jr.<br><br>Case No. 20-22786-ABA |
| Joseph D. Marchand, Chapter 7 Trustee,<br><br>v.<br><br>Fox Rothschild, LLP. | Adv. No.<br><br>**Adversary Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 544, 548, 549 and N.J.S.A. 25:2-25** *et seq*; **to Recover Property Transferred Pursuant to 11 U.S.C. § 550; For an Accounting and for Related Relief** |

　　　　Joseph D. Marchand, Trustee herein, whose address is 117 West Broad Street, Suite 119, Bridgeton, New Jersey, by way of Complaint says:

**JURISDICTION AND PARTIES**

　　　　1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012.

　　　　2.　　This is an adversary proceeding to avoid transfers pursuant to 11 U.S.C. §§11 U.S.C. §§ 544, 548, 549 and N.J.S.A. 25:2-25 *et seq*; to recover property transferred pursuant to 11 U.S.C. § 550; for an accounting and for related relief.

　　　　3.　　This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E), (H) and (O).

4. Nevertheless, should the Court determine that this is not a core proceeding, the Trustee consents to entry of final judgment by the Bankruptcy Court.

5. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. § 1409.

6. On November 18, 2020 (the "Petition Date"), Glenn Mitchell Trommer ("Trommer" or the "Debtor") filed an individual voluntary Petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

7. The following day, Joseph D. Marchand ("Plaintiff" or "Trustee") was appointed as Chapter 7 Trustee by the Office of the United States Trustee.

8. Defendant Fox Rothschild, LLP ("Defendant" or "Fox Rothschild") is a law firm with offices located at 2000 Market Street, 20th Floor, Philadelphia, PA 19103-3222.

## BACKGROUND

9. The Debtor estimated his net worth in January 2011 was in excess of $1.5 million.

10. Starting in 2013, the Debtor sought to remedy his lack of full time employment by purchasing a business. Among other efforts, the Debtor examined the possibility of purchasing a franchised business.

11. The Debtor was the sole member and owner of Avivah Digital Commerce, LLC ("Avivah").

12. In 2015, the Debtor executed a franchise agreement on behalf of Avivah. The agreement was for the purchase of a franchise from Experimac Franchising, LLC ("Experimac".)

13. The Experimac franchised business was a retail store which repaired Apple products

and sold pre-owned Apple products.

14. Experimac later became Experimax in 2019-20, reportedly as a consequence of Apple's objections to the use of "mac" in the name.

15. Avivah's retail store opened in Cherry Hill, New Jersey on or around July 5, 2016

16. The Debtor executed a sworn witness statement, while represented by Fox Rothschild, stating he had spent "more than a quarter million dollars" before the store even opened.

17. The Debtor's Experimac franchise in Cherry Hill was not a success and operations continually lost money, despite the Debtor not receiving a salary.

18. Avivah commenced litigation against Experimac Franchising, LLC alleging, *inter alia*, fraud in Florida. Pursuant to the franchise agreement, the matter was sent to arbitration before the American Arbitration Association (the "Arbitration.") Experimac Franchising, LLC also filed a Complaint in the Florida Courts.

19. The Debtor was not a party to the Arbitration.

20. Initially Avivah was represented in the Arbitration and the Florida litigation (collectively, the "Franchise Litigation") by the Law Offices of Lisa A. Biase, P.C. and Richard L. Rosen Law Firm, PLLC.

21. The Debtor has stated that he paid attorneys $330,765.10 for the Franchise Litigation in 2019.

22. The Richard L. Rosen Law Firm, PLLC was listed on Schedule F of the Debtor's Petition as owed an additional $362,658.02 on the Petition Date.

23. Dissatisfied with the expense of the Franchise Litigation, the Debtor sought different counsel.

24. The Debtor later emailed Craig Tractenberg of Fox Rothschild that the opponent in the Franchise Litigation "want[ed] to bankruptcy me. I switched to you ... because you would not allow that to happen." *See* April 16, 2020 email annexed as <u>Exhibit A</u>

25. By way of an Engagement Letter dated January 13, 2020, the Debtor caused Avivah to retain William Cooper and Craig Tractenberg of Fox Rothschild to represent it in the Franchise Litigation. *See* Engagement Letter annexed as <u>Exhibit B</u>.

26. The Engagement Letter did not identify the Debtor as a client of Fox Rothschild.

27. The Engagement Letter further specified that it was not an agreement to represent the Debtor, providing:

> The Engagement is not an agreement to represent any of Client's affiliates, subsidiaries, parents or related individuals, officers, directors, partners, members, shareholders, employees, independent contractors or agents (collectively, "Affiliates") unless the Firm has specifically agreed to do so in writing. Client agrees that the Firm's representation of Client in the Engagement does not give rise to an attorney-client relationship between the Firm and any of Client's Affiliates.

28. At no time did the Debtor and Fox Rothschild enter into an agreement for the Firm to represent the Debtor individually.

29. In recognition of the Debtor's precarious financial condition, the Engagement Letter provided for reduced hourly rates, with Fox Rothschild to receive the remainder of the fees if successful in obtaining an arbitration award in excess of $1,000,000.00.

30. The Debtor testified that all of the monies paid to Fox Rothschild originated from his personal retirement savings.

31. Over the course of the representation, transfers were made from the Debtor to Avivah and then in turn to Fox Rothschild in the amount of $197,602.94 (the "Transfers.") *See* list of Transfers annexed hereto as <u>Exhibit C</u>.

32. Upon information and belief, Fox Rothschild received an additional $30,000.00 from return of a deposit made by the Debtor to the American Arbitration Association.

33. The Debtor's Petition, tax returns, and financial statements prepared as part of the Franchise litigation indicate that the Debtor was insolvent at the time Avivah retained Fox Rothschild and remained insolvent up to the Petition Date.

34. Debtor testified at a 2004 examination that he believed Fox Rothschild was aware of his insolvency from the beginning of the representation as a result of their discussions.

35. Fox Rothschild's representation of Avivah in the Franchise Litigation required determination, and presentation to the tribunal, of the damages or "actual loss" caused to Avivah as a result of the purchase of an Experimac franchise.

36. The determination of actual loss as part of Fox Rothschild's representation required an examination of Avivah's and the Debtor's finances.

37. The determination of actual loss would have quickly revealed the Debtor's insolvency, if Fox Rothschild had not already been aware of the Debtor's Financial condition.

38. As part of its representation Fox Rothchild used calculations showing actual losses to Avivah, and hence to the Debtor, in excess of $1.3 million.

39. On information and belief, Fox Rothchild was also aware that it was being paid from the Debtor's retirement savings from the beginning of the representation.

40. The Arbitration ended with an award in favor of Experimac in the amount of $750,000.00.

## COUNT ONE
**(avoidance of constructive fraudulent transfers)**

41. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of

this Complaint as though fully set forth herein.

42. Upon information and belief, the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

43. On the date of the payments making up the Transfers, the Debtor:

    a. was insolvent or rendered insolvent as a result of such transfers; or

    b. was engaged in business for which any remaining property was an unreasonably small capital; or

    c. intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured; or

    d. made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

44. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid the Transfers under applicable state law.

45. The Transfers are avoidable fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and N.J.S.A. 25:2-25(b), 25:2-27 and 25:2-29.

46. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the value of the Transfers for the benefit of the estate of the Debtor from initial or subsequent transferees.

47. Fox Rothschild is a subsequent transferee with knowledge of the Debtor's insolvency at the time of the Transfers.

**WHEREFORE**, Plaintiff, Joseph D. Marchand, Chapter 7 Trustee for the Bankruptcy Estate of Glenn Mitchell Trommer, demands judgment against Fox Rothschild, LLP as follows:

    a.    determining that the Transfers were constructively fraudulent;

    b.    ordering that the Transfers be avoided;

    c.    directing payment to Plaintiff in the amount of $197,602.94;

    d.    awarding costs of suit; and

    e.    granting such other and further relief as the court deems just and equitable.

## COUNT TWO
### (avoidance of post-petition transfers)

48. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

49. In addition to the Transfers, Fox Rothschild received an additional $30,000.00 from return of a deposit made by the Debtor to the American Arbitration Association (the "Deposit").

50. Said Deposit was listed on the Debtor's Schedule A/B with the description "Deposit with American Arbitration Association - Debtor agrees to assign to Trustee."

51. Upon information and believe, Fox Rothschild received the Deposit from the American Arbitration Association.

52. Upon information and belief, Fox Rothschild applied the Deposit to Avivah's debt to the law firm post-petition.

53. Taking the Deposit monies was an unauthorized post-petition transfers (the "Post-Petition Transfers") which is avoidable pursuant to 11 U.S.C. § 549.

**WHEREFORE**, Plaintiff, Joseph D. Marchand, Chapter 7 Trustee for the Bankruptcy Estate of Glenn Mitchell Trommer, demands judgment against Fox Rothschild, LLP as follows:

    a.    avoiding the transfer of the Deposit to Fox Rothschild, LLP;

    b.    directing Fox Rothschild, LLP to immediately pay to the Trustee $30,000.00;

    c.      awarding the Trustee costs, expenses and reasonable attorneys fees; and

    d.      granting such other and further relief as the court deems just and equitable.

## COUNT THREE
### (unjust enrichment)

54.    Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

55.    Upon information and belief, the Transfers caused Fox Rothschild to receive a benefit at the expense of the Debtor and its creditors.

56.    Upon information and belief, the transfer of the Deposit to Fox Rothschild caused Fox Rothschild to receive a benefit at the expense of the Debtor and its creditors.

57.    Retention of the benefit of the monies would be unjust.

**WHEREFORE**, Plaintiff, Joseph D. Marchand, Chapter 7 Trustee for the Bankruptcy Estate of Glenn Mitchell Trommer, demands judgment against Fox Rothschild, LLP as follows:

    a.      determining that receipt and retention of the Transfers would be unjust;

    b.      directing payment to Plaintiff in the amount of $227,602.94;

    c.      awarding costs of suit; and

    d.      granting such other and further relief as the court deems just and equitable.

## COUNT FOUR
### (avoidance of post-petition transfers)

58.    Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

59.    Subject to proofs, the Trustee pleads in the alternative that to the extent the Debtor made a transfer to or for the benefit of Defendant on account of an obligation that arose before the

Petition Date, and that cleared after such date, such transfers were unauthorized post-petition transfers (the "Post-Petition Transfers") which were avoidable pursuant to 11 U.S.C. § 549.

**WHEREFORE**, Plaintiff, Joseph D. Marchand, Chapter 7 Trustee for the Bankruptcy Estate of Glenn Mitchell Trommer, demands judgment against Fox Rothschild, LLP as follows:

a. avoiding the Post-Petition Transfers;

b. directing Defendant to immediately pay to the Trustee an amount equal to the total of all such avoided transfers, together with post-judgment interest thereon;

c. awarding the Trustee costs, expenses and reasonable attorneys fees; and

d. granting such other and further relief as the court deems just and equitable.

### COUNT FIVE
### (accounting)

60. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

61. The Trustee may not have access to sufficient records of the Debtor to assure that she can identify all payments to the Defendant that may be avoidable pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550.

62. The Trustee seeks an accounting from all Defendant of all payments received thereby from the Debtor November 18, 2018.

**WHEREFORE**, Plaintiff, Joseph D. Marchand, Chapter 7 Trustee for the Bankruptcy Estate of Glenn Mitchell Trommer, demands judgment against Fox Rothschild, LLP as follows:

a. an accounting of all payments from the Debtor received by the Defendant after March 2010;

b. awarding the Trustee costs of suit and reasonable attorneys fees; and

    c.    granting such other and further relief as the court deems just and equitable.

**McDOWELL LAW, PC**
Attorney for Plaintiff/Trustee, Joseph D. Marchand

Dated: April 21, 2022    By: /s/ *Paul Pflumm*
    Paul Pflumm

M:\Active Files\Marchand, Joseph  Chapter 7 Trustee\Trommer\Fox Rothschild complaint\Complaint 4 8 22.wpd

-10-